## Lyons *vs.* Field.

**Case 11.'**

### APPEAL FROM LOUISVILLE CHANCERY COURT.

**PET. EQ.**

17bm543
e109 797

1. Mortgages and deeds of trust conveying personal property do not come within the rule which requires that the possession shall accompany the title; they are each regarded as merely incumbrances upon property; the interest of the grantor in each being liable to sale under execution. (*Revised Statutes*, 327 )

2. By the act of 1820, (*Stat. Law*, 449,) any sale of personal estate, by a trustee, was invalid, unless made with the consent of the grantor in the deed of trust, and he joined in the deed of transfer.

3. There is no substantial difference between a deed of trust conveying property to pay debts, and one to secure the payment of debts. The object is the same, that is, that the property conveyed shall be applied to the payment of the debts. In equity, it belongs to the grantor, subject to the payment of the debts; and what remains, belongs to the grantor.

[The facts of the case are stated in the opinion of the court.—REP.]

*Worthington & Durrett* for appellants—

Field conveyed his property in trust for the payment of specified debts, by deed duly recorded, but continued to hold possession of a slave, under some contract of hiring—possession never, in fact, having been given. Lyons attached this slave, insisting

LYONS
vs.
FIELD.

that the sale and assignment above named is fraudulent as to said slave, because of the continued possession of the grantor. The chancellor dismissed his petition, so far as it sought to subject the slave, and from this judgment he appeals.

An absolute sale of a chattel must be followed and accompanied by possession, or it is fraudulent *per se.* This is so well settled in Kentucky, and so variously exemplified by cases known to every lawyer, that we will only refer to the two latest: *Jarvis vs. Davis,* 14 B. Monroe, 529, *and Danforth vs. Myers, MS. opinion of Winter Term of* 1855–6. All that has been or can be urged against its applicability to this case is, that the doctrine does not apply where the deed of sale is recorded; that an assignment deed, like the one exhibited, is not an absolute sale; or that no change of possession is required where property is conveyed to be held in trust.

1. To this point, *Danforth vs. Myers* is a direct answer in the negative. There is nothing, then, in the mere fact of the deed being of record. The only effect of such a deed is, to give constructive notice of the sale; but even where there is *actual* notice, the transaction is not relieved from fraud. (*Waller vs. Cralle,* 8 B. Monroe, 12; *Gaines vs. Wiggs,* 9 B. Monroe, 282.)

2. In *Butler vs. Miller,* 15 B. Monroe, 625, the question was presented, whether a sale to a trustee for the payment of debts is *absolute,* and thereby dispenses with the necessity of the grantor uniting in a sale by the trustee, not made by order of a court; and the court say it *is* absolute, and that, therefore, the grantor need not unite in the trustee's sale to give it validity. "*Having conveyed the estate absolutely,* he (the grantor) has no further right in it to convey, nor any interest in the sale of it, inasmuch as he cannot be prejudiced by any disposition that may be made of it." There can be no mistake or dispute as to language so broad and explicit. The very question is, whether the sale is absolute; if it *is,*

then neither an order of court nor the grantor's consent is necessary to the validity of a sale by the trustee; but if it is *not*, then the one or the other is indispensible.

Perhaps, it may be argued that an assignment for the payment of debts is necessarily a conditional deed, and operates as a security in the nature of a mortgage. This, it will be seen, is directly in the teeth of *Butler vs. Miller*. And moreover, the radical distinction between a conveyance of property *to pay* and one *to secure* a debt, is overlooked. In case of the latter, the argument holds good; but as to the former, it is clearly wrong. A party who has put his property into the hands of a trustee to sell for the payment of debts, has parted with all control over it. He may be, and generally is, still personally bound for the debts to be paid, and by paying them, may become entitled to the benifit of the trust created; but he does so by a subsequent act and the force of law growing out of that act in conjunction with the trust deed.—not by any antecedent or concurrent right, or by any reservation inherent in the act of trust itself. He is also entitled to any balance of money or property; but this is *under* the trust as any other beneficiary, and he must be postponed to his proper place under the trust.

Hence we conclude that the sale of the slave attached in this case is absolute in any and every proper sense of the word, and within the meaning of the rule requiring possession to follow and accompany an absolute sale of chattels.

3. The chancellor urges, in an elaborate, learned, and ingenious opinion, that the doctrine as to a transfer of possession does not apply to a mortgage or deed of trust. We admit the correctness of his conclusion as to a mortgage, for *it* is always a conditional and, in *rerum natura*, cannot be an absolute sale. The same is true as to a deed of trust *to secure* a debt, for that is in effect a mortgage; but we deny that any such doctrine applies to a deed of

trust *to pay* a debt, or for any other purpose than *to secure* a debt. For example: If a slave is sold and conveyed to A in trust for B—say a married woman —every consideration of principle or policy as imperatively calls for a transfer of possession, as in any other case where a chattel is sold. In the case put, the sale is absolute; there is no condition in the title—see *Hundley vs. Webb*, 3 *J. J. Marshall*, 649; and there is the same danger of delusive credit by disconnecting the visible ownership from the real title. It is going too far to say the rule does not apply to trust deeds or property conveyed in trust, and we defy the production of a decision where the court so says, unless it is the case of a trust *to secure* a debt. It would be a waste of time to go over the cases one by one for the sake of a scrutiny any one is capable of making. In *Vernon vs. Morton*, 8 *Dana*, 253, the question was made as to the validity of a trust deed conveying a stock of merchandise when a grantor was retained as a clerk or agent to assist in carrying out the trust, and it was resolved in favor of the deed. But that decision does not go the length of sustaining this case. There, possession *did* follow and accompany the sale; the trustee *was* put in control; and with the trustee so in possession and controlling, the former owner, because of his knowledge of the business and his acquaintance with the affairs of the trust, was retained as an assistant to aid in transacting what was to be done. Such a case does not fall within the rule at all, inasmuch as the grantor does not, in any proper sense of the word, retain possession after the sale. Far different is the fact in our case. The slave is never taken into possession by the vendee; but by some unexplained contract of hiring, the owner retains possession and has the use of her as if she were still his. The hiring, if there was one, does not relieve the case from the operation of the general principle. *Laughlin vs. Ferguson*, 6 *Dana*. 111, *and Jarvis vs. Davis, supra.* We ask a reversal.

*G. A. & I. Caldwell* for appellees—

It is true, as a general rule, that an absolute sale of a chattel must be accompanied by possession in the vendee, or it is *"per se"* fraudulent.

But there are exceptions to this rule. And sales and conveyances by mortgage and deeds of trust, for the payment of debts, are of the exceptions. In the case of *Snyder vs. Hitt*, 2 *Dana*, 204, this court held, that "the possession by a mortgagor of the mortgaged property is not fraudulent *per se.* The judicial doctrine of constructive frauds has been carried far enough, perhaps too far, &c. And in a subsequent case, *Vernon, &c. vs. Morton & Smith, &c.*, 8 *Dana*, 253, it is said; "though this court has yielded to the ancient doctrine, founded on Twine's case, that, in absolute sales of chattels, a continuance of possession, by the vendor, is *per se* fraudulent, *they have never applied that doctrine to mortgages or deeds of trust;* but, on the contrary, have in many cases, excepted from the operation of that rule, such transfers or conveyances." See, also, *Bucklin vs. Thompson*, 1 *J. J. Marshall*, 227, *and same book*, 282.

Mortgages and deeds of trust, for the payment of debts, have been always treated by the courts of Kentucky, as standing on the same footing in this respect. The same statute that requires the one to be recorded, requires the other, also. (See *Revised Statutes, page* 197, *sec.* 11.) They are essentially similar in their nature, and the equities of the grantor, in each, are about the same If the mortgagor pays the debt, he has the right to a release, and to be reinvested with the title, and so with the grantor, in a deed of trust, for the benefit of creditors. The court of equity has the right to foreclose a mortgage, and subject the property to the payment of the debt, and so it has the same jurisdiction as to deeds of trust.

The reason of the rule does not apply to conveyances of this sort, and hence the rule itself ceases

LYONS
vs.
FIELD.

as to such conveyances. And it might be applied to mortgages just as well as to deeds of trust like that made by Field.

This court will have to reverse the whole current of practice and decisions in Kentucky, in order to reverse the decree of the chancellor. We see nothing in this case, nor anything in the practice or circumstances of the country to call for or justify such a change.

One other view: a conveyance of this sort is for the benefit of creditors. And to hold that the transaction is *per se* fraudulent, because the trustees do not take possession, will be to make the beneficiaries suffer for the neglect of others. *The case of Vernon, &c. vs. Morton & Smith, &c., is a case of conveyance in trust for the payment of a debt;* and the point as to the effect of possession by grantor came directly before the court, and the court say that the doctrine has never been applied in Kentucky to deeds of trust. They do not put it on the ground that the possession had been delivered to the trustees, but decide the thing flatly, that such possession is not fraudulent.

We ask the attention of the court to the written opinion of chancellor Logan.

We ask an affirmance.

December 20.   Judge SIMPSON delivered the opinion of the court:

A. J. Field conveyed his real estate, slaves, and personal property to R. H. Field and Jas. H. Shanklin, in trust, for the payment of specified debts, by deed duly recorded.

Lyons, a creditor of A. J. Field, who was not a beneficiary under the deed, attached one of the slaves therein conveyed, insisting that the sale and conveyance were fraudulent as to said slave, on the sole ground that the possession thereof had not been changed, but still remained with the grantor.

The doctrine is well settled that an absolute sale of slaves and personal estate must be followed and accompanied by possession, or it is fraudulent *per se.*

1. Mortgages
and deeds of

It is, however, equally well settled by the repeated adjudications of this court, that mortgages and deeds of trust made to secure the payment of debts, not being absolute sales of the property, but only creating an incumbrance thereon, are not embraced by this rule of law.

But it is contended that there is an essential difference between a mortgage and a deed of trust for the payment of debts, and that the latter is an absolute sale of the property to the trustees, in which the grantor retains no interest whatever.

They are, however, both regarded in this state as merely incumbrances upon the property. The interest of the grantor, whether the conveyance be by mortgage or by deed of trust, is liable to execution. (*Revised Statutes*, 327.) And by the act of 1820, (1 *Statute Law*, 449,) sales of real or personal estate thereafter made by a trustee, under, and by virtue of a deed of trust, unless the maker of the deed should join in the deed or writing evidencing the sale or transfer, were rendered invalid.

It was attempted, in the argument of the case, to draw a distinction between a deed of trust made to pay debts and one made to secure the payment of debts. There is not, however, any substantial difference between them. The object is the same, that is, that the property conveyed shall be applied to the payment of the grantor's debt, and in either case he has a right to pay the debts, and thereby remove the incumbrance. In equity the property conveyed, subject to the incumbrance on it, created by the deed of trust, belongs to the grantor. Whatever may remain after the debts are paid belongs to him, not as is contended, because he becomes a beneficiary to that extent under the deed, but because he is the owner of the property, and has conveyed it in trust for a special object, which, being accomplished, determines the trust, and by operation of law, reinvests him with an equitable right to the residue of the property

To sustain the distinction contended for, the case

LYONS
*vs.*
FIELD.

trust conveying personal property do not come within the rule which requires that the possession shall accompany the title; they are each regarded as merely incumbrances upon property; the interest of the grantor in each being liable to sale under execution. (*Rev. Stat.*, 327.)

2 By the act of 1820, (*Stat. Law*, 449,) any sale of personal estate, by a trustee, was invalid, unless made with the consent of the grantor in the deed of trust, and he joined in the deed of transfer.

3. There is no substantial difference between a deed of trust conveying property to pay debts, and one to secure the payment of debts. The object is the same, that is, that the property conveyed shall be applied to the payment of the debts. In equity, it belongs to the grantor, subject to the payment of the debt-; and what remains belongs to the grantor.

of *Butler vs. Miller*, 15 *B. Monroe*, 617, was relied on with great apparent earnestness. It was decided in that case that the statute of 1820 did not apply to cases where the maker of the deed, by which the trust is created, has no interest either in the property conveyed or in the execution of the trust; and that as the grantor had conveyed the property absolutely to the trustees, to be held by them for the purposes mentioned in the deed, and had no further interest in it. that it was not necessary for him to join in the deed of conveyance executed to the purchaser by the trustees. The nature and character of the deed of trust referred to, would seem to be sufficiently indicated, by what was said by the court, with respect to its effect and legal operation; but as its legal effe t only was stated in the opinion, and the reporter failed in the statement of the facts of the case to set out the provisions of the deed, the counsel for the appellant has been mislead, and has concluded that it was an ordinary deed of trust for the payment of debts.

The deed is now before us, and appears to have been executed by the grantor, in pursuance of an agreement between him and his creditors, to convey the property, *in payment* and *satisfaction* of the debts due to the latter. It was in fact an absolute sale of certain property, made by the grantor to his creditors, by which his debts were fully paid off and discharged. But, as the creditors were numerous, they had the title conveyed to trustees, who held the property for their use and benefit. The grantor had made an absolute sale of the property, he had thereby paid off and discharged his debts, the property belonged to his creditors, and they alone were interested in the execution of the trust. There is no similitude whatever between that deed. and the deed by which the slave in contest was conveyed to the appellees.

The chancellor decided that the slave was not subject to attachment, and that decision was clearly right.

Wherefore, the judgment is affirmed.